**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6882

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY GENE TRAPPIER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge.  (4:09-cr-00340-TLW-1; 4:21-cv-02513-TLW)

Submitted:  January 17, 2023                            Decided:  January 20, 2023

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Anthony Gene Trappier, Appellant Pro Se.  Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gene Trappier seeks to appeal the district court's order denying as successive and unauthorized Trappier's motions brought pursuant to 28 U.S.C. § 2255 and Fed. R. Civ. P. 60. We affirm in part and deny a certificate of appealability and dismiss in part.

The district court's determination that Trappier's § 2255 motion was successive and unauthorized is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Trappier has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

We agree with the district court that Trappier's Rule 60 motions amounted to successive § 2255 motions for which this court did not grant prefiling authorization as required by 28 U.S.C. § 2244. And, to the extent that Trappier's Rule 60 motions attacked the integrity of his habeas proceedings, we agree with the district court that the motions were untimely and, in any event, meritless. We therefore affirm those holdings. *See, e.g., United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015) (holding that this court "need

2

not issue a [certificate of appealability] before determining whether the district court erred in dismissing [a defendant's] purported Rule 60(b) motion as an unauthorized successive habeas petition").

Additionally, we construe Trappier's notice of appeal and appellate brief as a motion to file a second or successive § 2255 motion. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), *abrogated in part on other grounds by McRae*, 793 F.3d 392. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new, previously unavailable rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2255(h). Because Trappier's claims do not satisfy either of these criteria, we deny authorization to file a successive § 2255 motion.

Based on the foregoing, we affirm the appeal in part and deny a certificate of appealability and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3